IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURA LEE,

    Plaintiff,   No. CIV S-04-1721 PAN (JFM)

  vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,   <u>ORDER</u>

    Defendant.
_____/

        Based on 42 U.S.C. § 406(b), counsel for Plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $10,000.00 for 18.7 hours of professional time devoted to the representation of Plaintiff before this court.  Counsel concedes that this amount should be offset in the amount of $2,805.00 for fees previously awarded under EAJA.[1]

        42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

---

[1] The Government does not object to the amount requested by counsel for Plaintiff. (Resp't Br. 4:16-18.)

1

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).  However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.

Upon remand to the Appeals Council, Plaintiff was found to be disabled and awarded past-due benefits of $60,840.00.  (Pl.'s Br. Ex.2.)  From this, the Commissioner withheld $15,210.00 in order to pay Plaintiff's counsel.  Plaintiff's counsel's request for $10,000.00 is well below their potential award.

Counsel seeks fees for 18.7 hours.  Based on the quality of counsel's representation and the results achieved in this case, the undersigned finds the amount of hours expended to be reasonable.  While high, given the Commissioner's concurrence with Plaintiff's request, the hourly rate of $534.75[2] cannot be found to be unreasonable.

/////
/////
/////
/////
/////

---

[2] The court agrees with the Commissioner that the hourly rate should be computed using the gross award, rather than the net award.  The amount awarded previously under the Equal Access to Justice Act (EAJA) will be reimbursed to Plaintiff.  However, at the end of the day, Plaintiff's attorney will still receive $10,000 for his 18.7 hours of effort.  Accordingly, this is the proper total from which to figure the hourly rate.

Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded $10,000.00 in attorney fees pursuant to 28 U.S.C. § 406, to be offset in the amount of $2,805.00 previously awarded under EAJA.  As a result, the net amount of counsel's award shall be $7,195.00.

DATED:  October 26, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

13/Lee.406fees.ss.wpd